# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ACTIVATE GAMES INC.,

    Plaintiff,

vs.

SQUARE ENTERTAINMENT LLC,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Activate Games Inc. ("Activate"), by and through the undersigned counsel, hereby sets forth its Complaint against Defendant Square Entertainment LLC ("Square" or "Defendant"), for patent infringement, and alleges as follows:

### NATURE OF THE CASE

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq, for infringement of Activate's U.S. Patent Nos. 11,511,171 (the "'171 Patent") and 11,986,713 (the "'713 Patent") (collectively, the "Patents-in-Suit"). Plaintiff seeks monetary damages and injunctive relief in this action.

2. Defendant Square has been and is infringing the Patents-in-Suit in violation of 35 U.S.C. § 271 by manufacturing, using, importing, selling, and/or offering for sale in the United States products, methods, processes, services and/or systems that infringe the '171 and '713 Patents, which includes but is not limited to the Pixel™ Game System ("Pixel Game System").

## THE PARTIES

3. Plaintiff Activate Games Inc. is a Canadian Corporation headquartered at 11-1099 Wilkes Avenue, Winnipeg, MB, R3P 2S2, Canada. Activate owns and franchises interactive gaming facilities in the United States and abroad.

4. Each Activate location provides fun and interactive gaming rooms where players can compete, earn rewards, and track achievements. Each location contains numerous interactive game rooms, each with different games and gameplay sequences. This includes rooms with an interactive floor system that allows players to move about the floor interacting with the light up tiles of the floor. An example of an Activate gameplay sequence on an interactive floor is portrayed in the screenshot below:



*See* https://www.youtube.com/watch?v=VPNUVuUp3X8, at MM:SS timestamps 00:03 (accessed January 9, 2025). Because of its innovation, Activate has obtained several U.S. and foreign patents that cover the overall Activate system as well several of its games and gameplay sequences, including its interactive floor games. This includes U.S. Patent Nos. 11,534,679, 11,511,171, 11,161,050, 11,452,944, and 11,986,713, as well as several pending published patent applications.

5. Upon information and belief, Defendant Square Entertainment LLC is a limited liability company organized and existing under the laws of the State of Arizona and has a principal place of business at 469 North Denver Avenue, Loveland, Colorado, 80537.

6. Upon information and belief, Square is the exclusive licensee of U.S. intellectual property rights relating to the Pixel Game System, which is a competing interactive floor system developed by a latecomer to the market, Pixel Games GmbH.

## JURISDICTION AND VENUE

7. Square has its principal place of business at 469 North Denver Avenue, Loveland, Colorado, 80537. Square states on its website, www.pixel-us.com, that Square ships, installs, and supports the Pixel Game System. Square does not identify any other locations in the United States and so on information and belief, Square commits its acts of infringement in this District.

8. Upon information and belief, Square and/or its principals operate interactive gaming facilities in this District at which the infringing Pixel Game System is installed and operated. For example, Square's Chief Operating officer, Jeff Willy, is also identified as an owner of Loveland Laser Tag, located at 401 N. Denver Ave., Loveland, Colorado, 80538. https://fecfun.com/fun-experts/jeff-willy-polaris-entertainment/. Loveland Laser Tag states on its website that it is the site of "the first Pixel Games interactive gaming floor in the US!" https://www.laserfuncenter.com/attractions/pixel-games/. In addition, Square Entertainment LLC maintains the website www.pixel-us.com that advertises that the "Loveland Laser Tag" location is one of the locations in North America where the Pixel Game System is shipped, installed, and supported by Square.

9. Upon information and belief, Square actively markets and sells the Pixel Game System within the State of Colorado and in this District. For example, upon information and belief,

Square operates and maintains the Loveland Laser Tag location in this District. Square also maintains its principal place of business in this District, where, on information and belief, Square conducts all business related activities relating to the Pixel Game System. Square has done and continues to regularly do business in the United States and Colorado and has committed and continues to commit acts of patent infringement in the United States and in the State of Colorado, including by offering to sell and/or selling the Pixel Game System in Colorado, and/or inducing others to commit acts of patent infringement in Colorado.

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§1331 and 1338(a).

11. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because this is an action for patent infringement, because Defendant has committed acts of infringement in this District, including but not limited to the sale and offer for sale of infringing products, and because Defendant has a regular and established place of business in this District, including at least Defendant's physical location at 469 North Denver Avenue, Loveland, Colorado, 80537, from where the operations of Square are directed and controlled.

12. This Court has personal jurisdiction over Square under Rule 4 of the Federal Rules of Civil Procedure and the provisions of Co. Stat. § 801.05, by virtue of the fact that Square purposefully availed itself to the privilege of conducting and soliciting business within the State, including, upon information and belief, by engaging in at least a portion of the infringing acts alleged herein through sales, offers for sale, and marketing of the infringing products within the State and entering into contracts with residents of the State for the same, including for the installation and maintenance of the accused Pixel Game System at Loveland Laser Tag in this

District. Accordingly, because the claims set forth in this action arise out of Square's infringing activities within this State, as well as others, Square has purposefully availed itself of the privilege of conducting business in this District and within the State of Colorado, it is fair and reasonable for this Court to exercise personal jurisdiction over it.

## BACKGROUND AND THE PATENTS-IN-SUIT

13. Activate has redefined the entertainment industry and offers a unique blend of physical activity and gaming that promotes a healthy lifestyle. Since its founding in 2017, Activate has grown to over 35 locations across Canada and the United States, one location in the United Arab Emirates, and one location in England, with 15 more under development worldwide.

14. This case involves two (2) patents that represent Activate's novel interactive gaming floors. These patents include: (i) United States Patent No. 11,511,171, entitled "Interactive Floor And Amusement Systems And Methods Employing Same" (the "'171 Patent") and United States Patent No. 11,986,713 (the "'713 Patent"), entitled "Interactive Floor And Amusement Systems And Methods Employing Same." The '713 Patent is a continuation of the '171 Patent and both patents claim priority to a Canadian patent application, filed on January 20, 2020.

15. As explained in the '171 Patent, "[i]n recent years, escape rooms have become a popular form of immersive, live action amusement attraction, providing an alternative to more conventional indoor amusement attractions such as laser tag, and to large scale amusement parks." '171 Patent at 1:23-27. These traditional forms of immersive attractions can be "cost prohibitive, particularly in smaller markets and/or those where outdoor parks are subject to seasonal constraints in climates of notable temperature variation." *Id*. at 1:23-30. The Patents-in-Suit solve this problem, among others, by providing, in part, "immersive amusement attractions employing a novel interactive floor environment and related gameplay methodologies." *Id*. at 1:31-39.

16. The '171 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on November 29, 2022. A true and correct copy of the '171 Patent is attached as Exhibit A.

17. Plaintiff Activate is the owner, by assignment, of all rights, title, and interest in and to the '171 Patent and holds the right to sue and recover damages from infringement thereof, including past damages.

18. The '713 Patent was duly and lawfully issued by the USPTO on May 21, 2024. A true and correct copy of the '713 Patent is attached as Exhibit B.

19. Plaintiff Activate is the owner, by assignment, of all rights, title, and interest in and to the '713 Patent and holds the right to sue and recover damages from infringement thereof, including past damages.

20. Activate marks, pursuant to 35 U.S.C. § 287, its own interactive floor systems that practice the Patents in Suit.

## DEFENDANT SQUARE'S INFRINGING PRODUCTS

21. Plaintiff incorporates the proceeding paragraphs by reference as if fully set forth herein.

22. As discussed in further detail below, Square sells and offers for sale within the United States certain interactive gaming floors that infringe the Patents-in-Suit, including, but not limited to, the Pixel Game System (the "Accused Products").

23. Square claims to be the exclusive licensee of U.S. intellectual property rights relating to the Pixel Game System which, upon information and belief, was developed by Pixel Games GmbH.

24. In fall 2023, Activate learned that Pixel Games GmbH ("Pixel") was advertising and offering for sale certain game room products and services in the United States, including the Pixel Game System. The Pixel Game System is an "interactive gaming floor." *See* https://pxl-games.com/ (accessed December 16, 2024). An example of the Pixel Game System is portrayed in the screenshot below:



*See* https://www.youtube.com/watch?v=MHATkSMhmwE, at MM:SS timestamps 00:21 (accessed December 16, 2024).

25. Activate learned that Pixel operated a booth demonstrating the Pixel Game System at the 2023 IAAPA Convention, which was held in Orlando, Florida during the week of November 13, 2023. Believing that the Pixel Game System infringed Activate's intellectual property rights, on December 11, 2023, Activate, through its counsel, sent a letter to Pixel in Germany informing Pixel of Activate's intellectual property rights, including its patents and published applications. A true and correct copy of that letter is attached hereto as Exhibit C. Activate informed Pixel that it "is concerned that some of the technology incorporated into Pixel's products and services may infringe Activate's issued and pending United States patents." Ex. C at 1. In particular, Activate informed Pixel that it appeared to offer "floor illumination and pressure-sensing features, as

-7-

claimed in Activate's '171 Patent, at its gaming facilities and through its websites and exhibitions." *Id.* at 2.

26. On December 19, 2023, counsel for Pixel responded and stated that while "Pixel previously advertised certain of its game systems and services for sale in the U.S," Pixel advised "that *it is no longer doing so*." A true and correct copy of that letter is attached hereto as Exhibit D. Pixel then reiterated that statement in a January 23, 2024 email. A true and correct copy of that email is attached hereto as Exhibit E. Given Pixel's representations, Activate considered the matter closed and did not take further action. Pixel never informed Activate that Pixel was licensing its intellectual property to any other entity or that the Pixel Game System would be offered for sale by Square or others in the United States.

27. Activate was therefore surprised to learn that less than a year later, the Pixel Game System was being demonstrated by Square at the 2024 IAAPA Convention being held in Orlando, Florida the week of November 18, 2024. After seeing the Pixel Game System advertised and demonstrated at Square's booth, pursuant to IAAPA's intellectual property policy, on November 19, 2024, Activate lodged a written complaint, informing IAAPA that the Pixel Game System infringed Activate's intellectual property rights, including U.S. Patent No. 11,511,171. A true and correct copy of that Complaint is attached hereto as Exhibit F. Activate also informed IAAPA that Pixel previously represented that it was no longer advertising the Pixel Game System for sale in the United States in response to Activate's infringement allegations in 2023. *Id.* at 2. IAAPA then independently determined that Square could not advertise the Pixel Game System at the 2024 IAAPA Convention.

28. The next morning, Square filed a declaratory judgment action in the District of Arizona and informed IAAPA of the suit. *Square Entertainment LLC v. Activate Games Inc.*, Civ.

No. 2:24-cv-03261-JCG (D.Ariz. Nov. 21, 2024).[1] IAAPA then allowed Square to resume demonstrating the Pixel Game System at the conference.

29. Square, therefore, had actual knowledge of the '171 Patent as of at least November 19, 2024, the day Activate filed the IAAPA Complaint.

30. In addition to demonstrating the Pixel Game System at the 2024 IAAPA Convention, upon information and belief, Square actively encouraged potential customers to purchase the Pixel Game System by posting a video advertising the Pixel Game System to its Instagram Account during the IAAPA Convention:



---

[1] Square's declaratory judgment lawsuit only relates to the '171 Patent and was filed in the District Court of Arizona, where Activate is not subject to personal jurisdiction.

31.     Thereafter, on January 24, 2025, Activate sent Square a letter informing Square that the Pixel Game System infringes one or more claims of the '713 Patent. A true and correct copy of that letter is attached hereto as Exhibit G.

32.     Thus, Square had actual knowledge of the '713 Patent as of at least January 23, 2025.

33.     Square's promotion, sale, and offer for sale of the Pixel Game System has continued and, as recent as January 7, 2025, Square has advertised the Pixel Game System on the Pixelgames.usa Instagram page, which upon information and belief, is maintained by Square:



## COUNT I

**(Infringement of the '171 Patent)**

34.     Activate incorporates by reference paragraphs 1-33 as if set forth fully herein.

35.     Defendant Square has infringed, and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '171 Patent in violation of 35 U.S.C. § 271, directly or indirectly, by making, using, selling, and/or offering for sale in the United States, and/or importing the Accused Products.

-10-

36. A representative claim chart demonstrating how the Accused Products infringe the '171 Patent is attached hereto as Exhibit H.

37. The '171 Patent is presumed valid.

38. Despite Square's knowledge of the '171 Patent and its infringement of the same, Square has continued to directly infringe the '171 Patent. Accordingly, Square's infringement of the '171 Patent has been willful and deliberate, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

39. Plaintiff has been injured and seeks damages to adequately compensate it for Square's infringement of the '171 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

40. Upon information and belief, Square will continue to infringe the '171 Patent unless permanently enjoined by this Court. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a preliminary and permanent injunction against further infringement of the '171 Patent by Square.

## COUNT II

### (Infringement of the '713 Patent)

41. Activate incorporates by reference paragraphs 1-40 as if set forth fully herein.

42. Defendant Square has infringed, and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '713 Patent in violation of 35 U.S.C. § 271, directly or indirectly, by making, using, selling, and/or offering for sale in the United States, and/or importing the Accused Products.

43. A representative claim chart demonstrating how the Accused Products infringe the '713 Patent is attached hereto as Exhibit I.

44. The '713 Patent is presumed valid.

45. Despite Square's knowledge of the '713 Patent and its infringement of the same, Square has continued to directly infringe the '713 Patent. Accordingly, Square's infringement of the '713 Patent has been willful and deliberate, justifying an award of enhanced damages of treble the amount found or assessed under 35 U.S.C. § 284.

46. Plaintiff has been injured and seeks damages to adequately compensate it for Square's infringement of the '713 Patent. Such damages should be no less than a reasonable royalty under 35 U.S.C. § 284.

47. Upon information and belief, Square will continue to infringe the '713 Patent unless permanently enjoined by this Court. Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a preliminary and permanent injunction against further infringement of the '713 Patent by Square.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Activate prays for judgement as follows:

(a) That the '171 Patent and '713 Patent are valid and enforceable;

(b) That Defendant Square has infringed one or more claims of the '171 Patent and '713 Patent;

(c) That Defendant Square's infringement of the '171 Patent and '713 Patent has been willful;

(d) That Activate be awarded all damages adequate to compensate it for Defendant's past infringement and any continuing or future infringement of the '171 Patent and '713 Patent up until the date such judgment is entered, including pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. §284;

(e) That any award of damages be enhanced under 35 U.S.C. § 284 as a result of Square's willful infringement;

(f) That Defendant Square be ordered to provide an accounting for the damages resulting from the infringement of the '171 Patent and '713 Patent, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including an accounting for infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

(g) That Activate be awarded a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with it from directly or indirectly infringing the '171 Patent and '713 Patent;

(h) That Activate be awarded costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285; and

(i) That Activate be awarded such other and further relief at law or equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Activate hereby requests a trial by jury on all issues so triable.

Dated:  January 24, 2025

By: /s/ *Scott J. Pivnick*

Scott Pivnick (VA State Bar No. 48022)
ALSTON & BIRD LLP
950 F St NW
Washington, DC 20004
Telephone: 202-239-3300
Email: scott.pivnick@alston.com

*Attorney for Plaintiff Activate Games, Inc.*