IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00259-NYW-CYC

ACTIVATE GAMES INC.,

Plaintiff,

v.

SQUARE ENTERTAINMENT LLC,

Defendant.

---

**DEFENDANT/COUNTERCLAIMANT SQUARE ENTERTAINMENT LLC's MOTION TO RESTRICT EXHIBIT H OF RESPONSE FILED 8/14/2025 TO PLAINTIFF ACTIVATE GAMES INC.'S MOTION FOR VOLUNTARY DISMISSAL OF ITS CLAIMS PURSUANT TO FED. R. CIV. P. 41(a)(2) AND DISMISSAL OF SQUARE'S DECLARATORY JUDGEMENT COUNTERCLAIMS AS MOOT**

---

**TABLE OF CONTENTS**

**Page**

I. Introduction……………………………..…………………………………….…………..1

II. Background Facts………………………………..…………………………………..1

III. Legal Standard…………………….……………...…………….……….……..............2

IV. Argument…………………………..……………………………………………….……2

V. Conclusion…………………………..……………..…………………………...…..3

# TABLE OF AUTHORITIES

## Cases

*Gerry Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01597-WJM-NYW, 2021 WL 5140300 (D. Colo. November 4, 2021)……………..…………...………..5

*JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014)………..………………………………….……5

*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)…………………….…………5

*Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015)….….5

*Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978)……………………….……..6

## I. Introduction

Defendant/Counterclaimant Square Entertainment LLC moves the Court to restrict its "Exhibit H" to Square's Response to Activate's Motion to Dismiss Square's declaratory judgment counterclaims. Dkt. 34, unnumbered Exhibit H ("Rule 408 Settlement Discussions," filed on August 14, 2025). Exhibit H consists of settlement-related email correspondence between counsel for Activate and Square from April 10–22, 2025. Counsel for Activate has received an unredacted copy of Exhibit H. Counsel for the Parties conferred by email on August 21, 2025, and Activate does not oppose filing of Exhibit H under seal as Restricted, Level 2.

## II. Background Facts

In response to Activate's early (pre-discovery) request for relevant prior art and financial information related to sales and overhead, Square disclosed non-public, highly confidential, proprietary business information in email correspondence with Activate's counsel. Exhibit H consists of this correspondence.[1] In addition to Square's confidential business information (Exhibit H, at 1–3), the Exhibit includes statements regarding both Parties' litigation posture (*Id.*, at 4–6). The document, when taken as a whole, reflects the settlement posture and tone of communication between counsel for the Parties.

Exhibit H is included with several other non-restricted exhibits in support of Square's argument that this Court choose to exercise subject matter jurisdiction over the non-asserted claims of Activate's '171 Patent.

[1] Note–Exhibit H is mislabeled as "Exhibit L" on page 13 of Dkt. 34.

## III. Legal Basis

"'Courts have long recognized a common-law right of access to judicial records, but this right 'is not absolute.'" *Gerry Tracy v. Suncor Energy (U.S.A.) Inc.*, No. 20-cv-01597-WJM-NYW, 2021 WL 5140300, at *1 (D. Colo. November 4, 2021) (quoting *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). "The presumption against restriction may be overcome if the party seeking to restrict access to records 'articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Id*. (quoting *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] party may overcome the presumption of public access where the records contain trade secrets" *Tracy v. Suncor*, at *1 (quoting *Alcatel-Lucent*, 617 F. App'x at 852); and "'business information that might harm a litigant's competitive standing,'" *Id*., quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978).

## IV. Argument

Square acknowledges the well-established presumption that the public is entitled to access litigation documents relevant to judicial decision making. In this case, however, Square's business interest in preserving its proprietary financial information as confidential overrides the public 's presumptive interest in viewing Exhibit H.

Exhibit H includes specific, highly confidential financial data relating to Square's pricing, overhead, and profit margins. Square does not publish or disclose this

information and takes reasonable measures to protect its confidentiality. This is because these data would give Square's competitors in the United States an unfair advantage. Knowledge of Square's product costs and business overhead would enable competitors to precisely undercut Square's pricing.

Although relevant to the Court's decision making in this matter, Exhibit H is one of eight exhibits Square offers to support its argument the Court exercise jurisdiction over certain of its counterclaims. Seven exhibits remain publicly available as background for evaluation and understanding of the Court's decision.

Square can file a non-restricted copy of Exhibit H with specific pricing information redacted. However, this would not protect other sensitive information, including the general tone of settlement discussions between attorneys for the Parties and their litigation posture. The Court is not being asked to render a decision on settlement *per se*, such as interpretation or enforcement of an agreement. Exhibit H is merely evidence offered by Square that the Parties discussed settlement early in the course of litigation.

## V. Conclusion

Restriction of Exhibit H does not sufficiently weigh against the public's interest in transparency of judicial decision-making sufficient to overcome Square's interest in maintaining secrecy of its highly confidential business information. Moreover, both Parties have an interest in maintaining confidentiality of their settlement discussions. Therefore, Square respectfully asks the Court to grant its unopposed motion.

Dated: August 25, 2025

*<u>/s/ Steven J. Miller</u>*

Steven J. Miller
**IPath, PLC**
15333 N Pima Rd., Suite 305
Scottsdale, AZ 85260
Telephone: (617) 370-5740
*sjmiller@ipathip.com*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of August 2025, I cause a true and correct copy of the foregoing document **DEFENDANT/COUNTERCLAIMANT SQUARE ENTERTAINMENT LLC's MOTION TO RESTRICT EXHIBIT H OF RESPONSE FILED 8/14/2025 TO PLAINTIFF ACTIVATE GAMES INC.'S MOTION FOR VOLUNTARY DISMISSAL OF ITS CLAIMS PURSUANT TO FED. R. CIV. P. 41(a)(2) AND DISMISSAL OF SQUARE'S DECLARATORY JUDGEMENT COUNTERCLAIMS AS MOOT** to be served via the Court's ECF system upon all counsel of record.

/s/ Steven J. Miller
Counsel for Defendant

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE (AI)

Undersigned counsel certifies that no portion of this filing was drafted by artificial intelligence.

/s/ Steven J. Miller______________
Counsel for Defendant