IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-00259-NYW-CYC

ACTIVATE GAMES INC.,

      Plaintiff/Counterclaim Defendant,

v.

SQUARE ENTERTAINMENT LLC,

      Defendant/Counterclaim Plaintiff.

_____

**MEMORANDUM OPINION AND ORDER**
_____

Pending before the Court is Plaintiff Activate Games Inc.'s Motion for Voluntary Dismissal of its Claims Pursuant to Fed. R. Civ. Proc. 41(a)(2) and Dismissal of Square's Declaratory Judgment Counterclaims as Moot (the "Motion" or "Motion for Voluntary Dismissal"). [Doc. 32, filed July 31, 2025]. Defendant Square Entertainment, LLC ("Defendant" or "Square") filed a Response, indicating that it does not oppose dismissal of Plaintiff's affirmative claims with prejudice or dismissal of some of its counterclaims for declaratory judgment of patent non-infringement and invalidity. [Doc. 34, filed August 14, 2025]. But Square does object to dismissal of other counterclaims for non-infringement and invalidity and requests that the Court retain jurisdiction to adjudicate those counterclaims. [*Id.* at 5]. Plaintiff Activate Games, Inc. ("Plaintiff" or "Activate") filed a Reply. [Doc. 37, filed August 28, 2025]. For the reasons set forth in this Order, the Motion for Voluntary Dismissal is **GRANTED**.

## BACKGROUND

On January 24, 2025, Activate initiated this action against Square alleging infringement of U.S. Patent Nos. 11,511,171 (the "'171 Patent") and 11,986,713 (the "'713 Patent") (collectively, the "Patents-in-Suit"). [Doc. 1]. Specifically, Activate asserted that Square had been and was infringing upon certain claims of the Patents-in-Suit by manufacturing, using, importing, selling, and/or offering for sale in the United States products, methods, processes, services and/or systems, including but is not limited to the Pixel™ Game System ("Pixel Game System"), which featured an interactive, light-up floor. [*Id.* at ¶ 2]. Activate asserted two counts: (1) infringement of the '171 Patent ("Count I"); and (2) infringement of the '713 Patent ("Count II"). [*Id.* at ¶¶ 34–47]. In support, Activate attached two charts identifying exemplary infringement contentions. *See* [Doc. 1-6; Doc. 1-9].

On March 17, 2025, Square filed an Answer and Counterclaims. [Doc. 16]. In its Counterclaims, Defendant sought declaratory judgments for (1) non-infringement of the '171 Patent ("Counterclaim I"); (2) invalidity of the '171 Patent ("Counterclaim II"); (3) non-infringement of the '713 Patent ("Counterclaim III"); and invalidity of the '713 Patent ("Counterclaim IV"). [*Id.* at 25–31].

To facilitate pretrial proceedings, the Court a Protective Order, an ESI Protocol, and Scheduling Order. [Doc. 19; Doc. 26; Doc. 28]. On March 31, 2025, Activate filed an Answer to Square's Counterclaims. [Doc. 29]. On April 7, 2025, Square filed an Amended Answer, [Doc. 30-2], and on April 21, 2025, Activate filed another Answer, [Doc. 31]. Not long after, Activate filed this instant Motion for Voluntary Dismissal, because while it "believes its infringement claims remain strong, Square's Accused Products have

2

not been particularly successful in the marketplace." [Doc. 32 at 3]. Upon motion by the Parties, the Honorable Cyrus Y. Chung stayed all pretrial proceedings pending the resolution of this instant Motion. [Doc. 40].

## LEGAL STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure provides for voluntary dismissals. Fed. R. Civ. P. 41(a). The first subpart of the Rule allows for dismissal without a court order when (1) a plaintiff files a notice of dismissal before the opposing party files an answer or summary judgment, or (2) when all parties who have appeared sign a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1). The second subpart of the Rule applies when Rule 41(a)(1) does not. That subpart provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

## ANALYSIS

### I.  Voluntary Dismissal

#### A.  Counts I and II, Counterclaims III and IV, and Counterclaims I and II, Insofar as They Pertain to Claims 9–20 of the '171 Patent

In its Motion for Voluntary Dismissal, Activate seeks to voluntarily dismiss its affirmative claims of patent infringement of the Patents-in-Suit with prejudice and requests dismissal of Square's Counterclaims for lack of subject matter jurisdiction. [Doc. 32 at 12]. Square does not oppose the dismissal with prejudice of Counts I and II, Activate's affirmative claims of patent infringement. [Doc. 34 at 4]. Similarly, Square does not object

to the dismissal without prejudice of Counterclaims III and IV, which seek a declaratory judgment of non-infringement and invalidity as to the '713 Patent.  [*Id.* at 5].  Nor does Square object to dismissal of Counterclaims I and II insofar as those Counterclaims seek a declaratory judgment of non-infringement and invalidity with respect to claims 9–20 of the '171 Patent.  [*Id.*].  Accordingly, this Court respectfully **GRANTS** the Motion for Voluntary Dismissal as unopposed as to Counts I and II, Counterclaims III and IV, and Counterclaims I and II insofar as they pertain to claims 9 –20 of the '171 Patent.

### B.    Counterclaims I and II, Insofar as They Pertain to Claims 1–8 of the '171 Patent

Square does, however, object to dismissal of Counterclaims I and II insofar as they seek a declaratory judgment of non-infringement and invalidity of claims 1–8 of the '171 Patent.  [*Id.*].  It concedes that Activate did not assert infringement of these claims against it in this action.  *See* [*id.* ("However, Square does oppose dismissal of its counterclaims of non-infringement and invalidity of the remaining <u>non-asserted</u> claims 1–8 of the '171 Patent.") (emphasis added)].  But it insists that dismissal of Counterclaims I and II with respect to claims 1–8 of the '171 Patent is inappropriate because Plaintiff was unwilling to agree to a broad covenant not to sue on any of Activate's intellectual property and reserved the right to later assert infringement of claims 1–8 of the '171 Patent.  [*Id.* at 9, 11].  Square points to the following to support its arguments that this Court continues to maintain subject matter jurisdiction to adjudicate this subset of Counterclaims I and II:

> Activate (1) first alleged infringement that included claims 1–8, in December of 2023; (2) has continuously alleged infringement of its claimed sensing system over the 20 months since; (2) bases its allegations on bare conclusions without evidence or analysis; (3) filed this lawsuit when proper pre-suit diligence would have revealed non-infringement; (4) presented a pre-discovery settlement offer akin to extortion; (5) continues to baselessly assert infringement despite being presented with evidence to the contrary;

(6) intentionally timed its 2024 IAAPA complaint to maximally harm Square; and (7) refused to covenant not to sue.

[*Id.* at 13].

In Reply, Activate insists that there is no actual controversy as to the infringement or validity of claims 1–8 of the '171 Patent. [Doc. 37 at 6]. It argues that it has never asserted that Square or its accused products infringe claims 1–8 of the '171 Patent or took any affirmative acts related to the enforcement of claims 1–8; while its initial letter to Pixel Games GmbH identified the '171 Patent, Activate did not identify any particular claim of that Patent and did not expressly reserve its ability assert claims 1–8. [*Id.* at 7–8]. It also argues that Square ignores the claims 1–8 are distinct in their limitations to claims 9–20. [*Id.* at 8]. Activate further points out that Square never requested a covenant not to sue solely on the Patents-in-Suit but rather on Activate's entire intellectual property portfolio extending to "all patents, trademarks, and copyrights owned anywhere throughout the world." [*Id.* at 9–10]. While Activate frames its argument with respect to Square's Counterclaims in terms of mootness, *see* [*id.* at 10–12], neither Party actually grapples with the principles of mootness.[1] Instead, the relevant inquiry is whether there

---

[1] "Mootness has been described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *RMA Ventures Cal. v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 n.6 (10th Cir. 2009) (quotation omitted). Mootness is judged by the state of facts as they exist after the complaint is filed. *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1185 (10th Cir. 2012). "Mootness usually results when a plaintiff has standing at the beginning of a case, but, due to intervening events, loses one of the elements of standing during litigation." *Id.* at 1182. Here, there have been no changed circumstances involving claims 1–8 of the '171 Patent. Square admits that Activate "is not litigating claims 1–8 of the '171 Patent," but instead is concerned that "[Activate] is free to litigate infringement with respect to these claims at any time." [*Id.* at 4]. Accordingly, Rule 41(a)(2)'s provision that an action may only be "dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication," is also inapposite.

is a sufficient case or controversy under Article III of the Constitution to justify Square's
Counterclaims of non-infringement and invalidity as to claims 1–8 of the '171 Patent.

"[A] plaintiff must demonstrate standing separately for each form of relief sought.'"
*Smith v. U.S. Immigr. and Customs Enf't*, 429 F. Supp. 3d 742, 755 (D. Colo. 2019)
(quotation omitted). The Declaratory Judgment Act grants courts the authority to "declare
the rights and other legal relations of any interested party seeking such declaration,
whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also* Fed. R.
Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under
28 U.S.C. § 2201."). "The threshold question for declaratory judgment jurisdiction is
'whether the facts alleged, under all the circumstances, show that there is a substantial
controversy, between parties having adverse legal interests, of sufficient immediacy and
reality to warrant the issuance of a declaratory judgment.'" *Mitek Sys., Inc. v. United
Servs. Auto. Ass'n*, 139 F.4th 1340, 1348 (Fed. Cir. 2025) (quoting *Microsoft Corp. v.
DataTern, Inc.*, 755 F.3d 899, 903 (Fed. Cir. 2014)). The burden lies with Square to
establish that, with respect to claims 1–8 of the '171 Patent, an Article III case or
controversy existed at the time Counterclaims I and II were filed and still continues now.
*See Arris Grp., Inc. v. Brit. Telecommunications PLC*, 639 F.3d 1368, 1373 (Fed. Cir.
2011).

Here, the Court concludes that Square has failed to carry its burden of establishing
that there is a substantial controversy between the Parties of sufficient immediacy and
reality to warrant the issuance of a declaratory judgment. As an initial matter, it is
axiomatic that the infringement and invalidity analyses are conducted on a <u>patent claim</u>-
by-<u>patent claim</u> basis, not on a patent-by-patent basis. *See Amazon.com, Inc. v.*

*Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) ("Of course, whether performed at the preliminary injunction stage or at some later stage in the course of a particular case, infringement and validity analyses must be performed on a claim-by-claim basis."). There is no evidence in the record that demonstrates that Activate has ever asserted that Square infringes claims 1–8 of the '171 Patent, or even accused Square or Pixel of such. *See* [Doc. 34-1]; *see also* [Doc. 1-3]. Indeed, Square itself has never specifically identified claims 1–8 as the subject of its requests for declaratory judgments of non-infringement and invalidity. *See* [Doc. 30-2; Doc. 34-2; Doc. 34-5]. Square's fear of a future infringement action, without more, cannot form the basis of an Article III case or controversy. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008). And insofar as Square relies on Activate's unwillingness to extend a prospective covenant not to sue, this Court notes that "[a] patentee has no obligation to spend the time and money to test a competitors' product nor to make a definitive determination, at the time and place of the competitors' choosing, that it will never bring an infringement suit." *Id.* at 1341. Finally, Square's concern that its Counterclaims might be dismissed with prejudice is misplaced as a matter of law. Where a district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

Accordingly, this Court respectfully **GRANTS** the Motion for Voluntary Dismissal as to Counterclaims I and II, insofar as they pertain to claims 1–8 of the '171 Patent.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1)    Plaintiff Activate Games Inc.'s Motion for Voluntary Dismissal of its Claims Pursuant to Fed. R. Civ. Proc. 41(a)(2) and Dismissal of Square's Declaratory Judgment Counterclaims as Moot [Doc. 32] is **GRANTED**;

(2)    Claims I and II of the Complaint are **DISMISSED with prejudice**;

(3)    Counterclaims I–IV of the Amended Answer are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and

(4)    The Clerk of the Court is **DIRECTED to TERMINATE** this action.


DATED:  March 30, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge