**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00259–NYW-CMC

ACTIVATE GAMES INC.,

*Plaintiff*,

v.

SQUARE ENTERTAINMENT LLC,

*Defendant*.

**ACTIVATE GAMES INC.'S MOTION TO STRIKE SQUARE'S UNTIMELY AFFIDAVIT OF STEVEN J. MILLER IN SUPPORT OF SQUARE'S FEE MOTION**

Plaintiff Activate Games Inc. ("Activate") files this Motion to Strike the Affidavit of Steven J. Miller, including its Appendix A ("Miller Affidavit") (Dkt. 47-1) as untimely and improper under Federal Rules of Civil Procedure 6 and 54, and District of Colorado Local Rules 7.1(d) and 54.3. Counsel for Activate has met and conferred via videoconference with counsel for Square on the relief sought in this motion. Square opposes the Motion.

As established in Activate's Opposition to Square's Motion to Award Square's Reasonable Attorney Fees Under 35 U.S.C. § 285 ("Activate's Opposition") (Dkt. 46), any motion for fees under 35 U.S.C. § 285 must be filed no later than 14 days after the entry of judgment. Dkt. 46 at 6-7; Fed. R. Civ. P. 54(d)(2)(B)(i). District of Colorado Local Rule 54.3 further requires that "a motion for attorney fees shall be supported by affidavit." D.C.COLO.LCivR 54.3; Dkt. 46 at 8. Square filed its Motion to Award Square's Reasonable Attorney Fees Under 35 U.S.C. § 285 ("Fee Motion") on August 25, 2026.

Dkt. 43. Even assuming the Fee Motion was properly and timely filed, which it was not, it is undisputed that Square failed to file the Miller Affidavit with the Fee Motion. Dkt. 47-1. Based on Square's assertion that judgment was deemed entered on August 27, 2026, Dkt. 43 at 13, the deadline for filing a timely Fee Motion and the Miller Affidavit was September 10, 2026. Yet Square did not file the Miller Affidavit until October 27, 2026, more than six weeks *after* the deadline. The Miller Affidavit is, therefore, untimely under Federal Rule of Civil Procedure 54 and D.C.COLO.LCivR 54.3 and should be stricken. Fed. R. Civ. P. 54(d)(2)(B)(i).[1]

Square attempts to justify the late filing by stating that it "made an inadvertent error which it now seeks to correct" by not filing the Miller Affidavit with its Fee Motion. Dkt. 47 at 8. This was no inadvertent error. The District of Colorado Local Rules include a Rule devoted to the filing of fee motions, and the very first section of that Rule states in bold letters "**Motion Supported by Affidavit**," followed by the statement "[u]nless otherwise ordered, a motion for attorney fees shall be supported by affidavit." D.C.COLO.LCivR 54.3(a). It is disingenuous to suggest that the failure to timely file the Miller Affidavit was "inadvertent."

To compound the problem, Square again ignores the Federal Rules of Civil

---

[1] Square's failure to timely file the Miller Affidavit in compliance with the Local Rule is an independent basis to deny Square's Fee Motion. *See, e.g., Gross v. Silverberg*, No. 10-cv-00687-REB-BNB, 2011 WL 721899, at *1 (D. Colo. Feb. 23, 2011) (holding that failure to satisfy the Local Rule requirements warrants denial of the request on that basis alone); *Clayton v. Dreamstyle Remodeling of Colo., LLC*, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021) (denying fee request where movant "ha[d] not addressed, much less satisfied, these procedural requirements"); *Savant Homes, Inc. v. Collins*, No. 13-cv-02049-WJM-MEH, 2015 WL 4932120, at *3 (D. Colo. Aug. 19, 2015) (finding that failure to follow D.C.COLO.LCivR 54.3(b)(1) "is reason enough to deny or substantially reduce a fee request"); *Walter v HSM Receivables*, No. 13-cv-00564-RM-KLM, 2015 WL 2019104, at *4 (D. Colo. Apr. 30, 2015) (same).

Procedure and this Court's Local Rules by asking the Court, in the text of its reply brief, for leave to cure the deficiency. Dkt. 47 at 7. Local Rule 7.1 clearly states that "[a] motion shall not be included in a response or a reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Yet Square did not file a separate motion for leave to "cure this deficiency" and instead included the requested relief in its reply, which the Rule specifically prohibits. *Id.*

In addition, Local Rule 7.1(a) requires that, before filing a motion, the moving party confer with the opposing party to resolve any disputed matter and describe, in the motion or in a separate certificate, the specific efforts made to fulfill this duty. D.C.COLO.LCivR 7.1(a). Square's counsel never contacted Activate's counsel to meet and confer and, accordingly, failed to describe any such efforts as the Rule requires. Square's failure to follow these clear Rules is an independent basis to deny Square leave and to strike the Miller Affidavit. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Even if Square's request for leave complied with the procedural requirements of Local Rule 7.1, it fails to comply with the substantive requirements of Federal Rule of Civil Procedure 6, which permits a court to extend the time to act after that time has expired only if the moving party shows good cause and that its failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). It is undisputed that Square did not file the Miller Affidavit within the 14-day period required by Federal Rule 54. Yet Square has not even attempted to establish good cause or to explain how its failure to file the Miller Affidavit with its Fee Motion was the result of excusable neglect. Square merely states

that it made an inadvertent error. That does not establish good cause, and it certainly does not establish excusable neglect.

Square has made repeated procedural and substantive errors in filing its Fee Motion and the Miller Affidavit. These errors were not inadvertent. They withheld relevant and required facts until *after* Activate filed its Opposition, thereby preventing Activate from responding to any of the material in the Miller Affidavit. Given the clear direction provided by the Local Rules, Activate can only assume this was intentional, not inadvertent. The delay in filing the Miller Affidavit is highly prejudicial to Activate and is the exact scenario that the Local Rules and Federal Rules are meant to prevent.[2]

For the foregoing reasons, Activate respectfully requests that the Miller Affidavit, including its attached Appendix, be stricken from the record and not be considered in deciding Square's Fee Motion.

Dated: November 10, 2026

*/s/ Scott J. Pivnick*
Scott J. Pivnick (VA Bar No. 48022)
ALSTON & BIRD LLP
950 F St NW
Washington, DC 20004
Telephone: 202-239-3300
Email: scott.pivnick@alston.com

*Attorney for Plaintiff Activate Games Inc.*

[2] To be clear, Activate does not seek leave to respond to the Miller Affidavit. Activate dismissed the case because any potential damages would be far less than the amount required to litigate. Square has already multiplied the proceedings and increased the costs of this case by filing its procedurally improper and untimely Fee Motion and Miller Affidavit.

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

The undersigned counsel certifies that no portion of this filing was drafted by artificial intelligence.

Dated: November 10, 2026

*/s/ Scott J. Pivnick*

Scott J. Pivnick (VA Bar No. 48022)
ALSTON & BIRD LLP
950 F St NW
Washington, DC 20004
Telephone: 202-239-3300
Email: scott.pivnick@alston.com

*Attorney for Plaintiff Activate Games Inc.*

**CERTIFICATE REGARDING MEET AND CONFER**

I certify that on November 9, 2026, counsel for the parties met and conferred via videoconference regarding this motion and no agreement was reached.

Dated: November 10, 2026

*/s/ Scott J. Pivnick*

Scott J. Pivnick (VA Bar No. 48022)
ALSTON & BIRD LLP
950 F St NW
Washington, DC 20004
Telephone: 202-239-3300
Email: scott.pivnick@alston.com

*Attorney for Plaintiff Activate Games Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which will automatically send an email notification of such filing to all counsel of record on November 10, 2026.

Dated: November 10, 2026

Respectfully submitted:

*/s/ Scott J. Pivnick*
Scott J. Pivnick